Moffatt v. Conklin et al.

———◦◦◦———

T. J. MOFFATT, Respondent, v. A. A. CONKLIN et al., Appellants.

1. *Practice—Issues—Instructions.*—The court cannot by its instructions change the issues presented by the pleadings.
2. *Practice—Instructions.*—It is error in the court to assume the existence of facts put in issue by the pleadings.

*Appeal from Livingston Circuit Court.*

S. *Turner* and A. M. *Woolfolk*, for appellants.

I. The court erred in granting the instruction of plaintiff. By this instruction the plaintiff sought to recover on a cause

of action different from the one stated in his petition. The cause of action stated in the petition was that appellants had first rescinded the written contract with Armstrong & Bent, and then, *falsely* and *fraudulently* representing to respondent that it was still in force, had induced him to pay $600 thereon. The instruction abandons this cause of action, and, no longer relying upon fraudulent misrepresentation as a ground of action, seeks to recover not because any fraud had been practised upon him, or the written contract with Armstrong & Bent had been rescinded *before* the conditional sale to him, but because it was rescinded *after* such conditional sale, and after the written contract had again come into the possession and control of the appellants, by virtue of their agreement with him at the time of said conditional sale. (17 Mo. 586; 15 Mo. 271; 18 Mo. 140; 7 Cranch, 208; 6 Johnson, 560; 19 Johnson, 405.)

II. The instruction of respondent also excluded from the consideration of the jury questions raised by the evidence of appellants, and left no questions of fact to be determined by them. (27 Mo. 55.) Under this instruction the jury were simply permitted to compute the interest on respondent's demand, and this instruction excluded from their consideration all the varied questions arising under the law of forfeiture—penalty and liquidated damages—which were suggested by the evidence in this case. The instruction of respondent did not present the law correctly. (10 Barb., N. Y., 59; 22 Wend. 201; 26 Wend. 630; 11 Barb. 128; Sedg. Dam. 425, n., t.)

*Madison & Jones*, for respondent.

Under the pleadings it was not necessary for plaintiff to prove the declarations made by appellants, when the contract was assigned or before. It was enough for him to show that the $600 had been fraudulently obtained by appellants. (12 Mo. 517; 7 Mo. 245; Chit. on Contr. 682; 1 Bouv. Inst. 227-28.) There is no evidence that the $600 paid by respondent was to be taken as the amount of damages liqui-

dated in case of respondent's failure to pay the other $700, nor is there any such defence set up in the answer. The appellants, in their answer, make no claims for damages or recoupment, &c.

DRYDEN, Judge, delivered the opinion of the court.

In this record, one case is made by the pleadings, and another and radically different case by the instructions. That made by the pleadings is as follows, viz: In October or November, 1863, one Armstrong, for a sufficient consideration, contracted in writing to deliver to the Conklins (appellants) 1500 head of corn-fatted hogs on the Hannibal and St. Joe railroad, in the months of November and December, 1863, and January, 1864. The petition avers that prior to the 23d of November, 1863, the said contract was rescinded by the parties to it, and Armstrong, the obligor, released from its obligations; and "that afterwards, on or about the 23d day of November, 1863, the defendants (Conklins) falsely and fraudulently represented to plaintiff (Moffatt) that such agreement was still a valid and subsisting agreement; and the plaintiff relying upon such false and fraudulent representations, so made by defendants, was thereby induced by defendants to pay them six hundred dollars for the pretended rights of defendants in, and to, and under, such agreement."

It was alleged that by means of the premises the plaintiff had sustained $700 damages, and judgment therefor was demanded. All the material allegations of the petition are denied by the answer.

On the trial, a contract for the delivery of hogs by Armstrong to the Conklins, such as that described in the petition, was produced and read in evidence; the plaintiff gave further evidence to show that on or about the 23d of November, 1863, the plaintiff paid to the defendants (the Conklins) the sum of $600, and that the Conklins then and there endorsed on the said written contract an assignment thereof to the plaintiff Moffatt, and deposited the same with one E.

M. Moffatt of Palmyra, Mo., to be delivered by him to the plaintiff, when he should thereafter, on or before the 3d day of December then next, pay to said E. M. Moffatt, for the defendants, the further sum of $700 ; but, in default of payment of the last named sum within the time limited, the contract and assignment were not to be delivered to the plaintiff, but were to be returned to the defendants. The evidence further tended to show that the $700 was not paid and the assignment not delivered, but after the 3d of December was returned to the defendants. The plaintiff further gave evidence tending to show that the contract for the hogs was rescinded by the parties prior to the alleged transfer of it to the plaintiff, and the defendants gave evidence tending to show that it was rescinded not until the 9th of December, 1863, after its return to the defendants by E. M. Moffatt.

At the close of the testimony the court gave the following instruction, viz :

" The court instruct the jury on the part of the plaintiff, that if they believe from the evidence that the contract or agreement entered into by Rob. Armstrong as principal, with Benj. Bent as his security, on the one part, and the defendants Conklins on the other part, for the purchase by Armstrong of 1500 hogs for said Conklins, was rescinded by the said Armstrong and the Conklins, or either of them, any time before the 3d day of December, 1863, the day on which this action was commenced, and that plaintiff, at any time prior to the 23d of November aforesaid, paid said Conklins six hundred dollars in consideration of the assignment to him of such contract or agreement, then they must find for the plaintiff the amount of money paid by him to the Conklins, with interest from the time of payment at the rate of six per cent. per annum, and they must not take into consideration the question whether or not such agreement was assigned to plaintiff without recourse, or whether plaintiff agreed that in the event he failed to pay any sum in addition to the sum already paid, the sum so paid should be for-

feited.   Any agreement for a forfeiture being of no force in law, and the statement in the assignment that it is without recourse, is of no effect."

The defendants saved their exceptions.   There was a verdict and judgment for the plaintiff; the defendants appealed to this court.   The ground of the action was the fraud of the defendants in falsely representing to the plaintiff, at the time of the assignment, that the thing assigned was of a valid and subsisting obligation.   The action was an action for deceit, but the instruction puts out of the case the element of fraud—the very gist of the action—and makes the plaintiff's right to a verdict depend not upon the alleged deceit, but upon the question whether the contract had been rescinded, and that too without regard to the time of the rescission, whether before or after the assignment.   A party must recover on the case made on the record.   A court has no right, by its instruction to the jury, to change the issues or mitigate the requirements of its pleadings.   Another objection to the instruction, which would demand a reversal of the judgment, is that it assumes the existence of one of the material facts in issue, being the assignment from the defendants to the plaintiff.   As the fact was in issue, if there had been no evidence on the point, it would have been improper to have assumed its existence; but the objection gathers increased force when it is remembered that the evidence in the case strongly tends to disprove the alleged assignment.   Judge Bay concurring, the judgment will be reversed and cause remanded.