## LUCKIE v. THE CHICAGO & ALTON RAILROAD COMPANY, *Appellant*.

**Railroads**: FENCES AT CROSSINGS: HIGHWAY DE FACTO. The statutory rule that railroads are not required to fence their roads at public crossings, extends to highways *de facto* as well as highways *de jure*.

*Appeal from Audrain Circuit Court.* — HON. G. PORTER, Judge.

REVERSED.

*Macfarlane & Trimble* for appellant.

*Kennon & Gordon* for respondent.

NORTON, J.—This action was commenced in the circuit court of Audrain county to recover damages for the alleged killing of three steers belonging to plaintiff, by defendant's engine at a place on its road which was not fenced as required by law, and in consequence of which, it is alleged, said steers came upon defendant's road and were killed. There are three counts in the petition, the first of which sets forth the cause of action above stated, and upon the trial of the case plaintiff obtained judgment on said first count, from which defendant has appealed and assigns for error the action of the court in giving improper and refusing proper instructions.

The evidence in the case tended to establish the following state of facts : that the course of defendant's road was nearly east and west; that in 1867 the county court established a county road running north and south crossing the track of defendant's road; that the country at and in the vicinity of this crossing was prairie; that defendant's road was constructed in 1870, and before it was built the travel on the public road had not been confined to the road as established, but had been traveled across the prairie as suited the convenience of persons passing over it; there being nothing to indicate the true locality of the road; that defendant fenced along the sides of its road through the prairie, and after it was so fenced, a railroad crossing was demanded by the public ; that at the request and under the direction of the road overseer, defendant made a crossing at the place designated by said overseer and according to his directions, which was approved by him and was of the width of about 58½ feet; that this crossing was made in 1872, and from that time had been used by the public as a railroad crossing, and worked as other public roads. When an accurate survey of said county road was subsequently made, it was ascertained that said crossing was not strictly in the line of said road but about thirty feet to one side, that in the center of said surveyed road was

about the east side of said crossing, and only about one-half the crossing was public road as established. Plaintiff's cattle were killed on this crossing, whether on that part of it which was in the county road, as actually laid by the county court, or on the part of defendant's road not fenced, is not shown.

On the above state of facts the court gave an instruction in which it was in effect held that the crossing made under such circumstances was not such a crossing as released defendant from its duty to fence its road at this point, and that defendant could not be excused from fencing at any crossing, except where a public road had been legally established or unless made with the sanction of the county court. The court refused declarations of law asked by the defendant to the effect, that if the crossing on which the cattle were killed, though not strictly in line with the public road as established, had been constructed under the direction of the road overseer, and after such construction the said road and crossing was used by the public and worked as other roads, that plaintiff could not recover on the first count of his petition.

We are of the opinion that the theory of the case presented by the defendant was the correct one. It is provided in the Acts of 1875, page 130, that a road overseer, after notifying a railroad company to construct a crossing, should be invested with the power and charged with the duty of constructing such crossing, in the event of the neglect or refusal of the company to do so, at the cost and expense of said company. We think it could not be fairly contended that if under this act a railroad company, after being notified by an overseer to make a road crossing at a place by him designated as the public road crossing, complied in all respects with such notice, and cattle were killed on such crossing, that the company would be held liable, unless it should be further shown that they were negligently killed. It is true that the evidence shows that the crossing in question was made prior to the Act of 1875,

but it is also true that the evidence tends to show that it was in fact made under the direction of the road overseer in charge of the public roads, and was accepted by him and used by the public and worked as other roads up to and after the passage of said act.

A similar question to the one we are considering arose in the case of *Soward v. C. & N. W. R. R. Co.*, 33 Iowa 387, where it was held that a railroad company, though required to fence its road at all places except at the crossing of a public traveled road, was not liable for stock killed at a crossing used and traveled by the public as a highway though the route thus traveled was in fact outside of the survey or line of the highway as established by the county authorities. That case, as does this case, was made to depend upon the question whether railroad companies are required to fence their roads at all places except the crossing of legally laid highways, that is highways *de jure*, or whether they are excused from fencing across highways *de facto*, and it was held that they were excused from fencing across highways *de facto*, and the reason assigned was that if railroad companies are required to fence their railroads across all highways that are not legally laid, they would fence across very many of our public roads which are now extensively traveled and are supposed to have been legally laid, but are not. And it was observed, "Shall we so construe the statute requiring railroad companies to fence their roads, as to compel them to fence across these highways thus laid which are not highways *de jure*, but only highways *de facto?* The statement of the question begets its own negation."

For the reasons given the judgment will be reversed and the cause remanded, in which all concur.