THOMAS A. BROWN, Respondent, v. KANSAS CITY, ST.
JOSEPH & COUNCIL BLUFFS RAILWAY
COMPANY, Appellant.

Kansas City Court of Appeals, January 25, 1886.

1. PLEADING—UNION OF INCONGRUOUS CAUSES IN ONE COUNT—HOW
TO REACH DEFECT.—The improper union in one count of causes of
action which invites a demurrer, pertains to the union of incon-
gruous causes of action which cannot be united in the same
petition ; "and not to the intermingling of causes of the same class
in the same count." In such case as the *latter*, the plaintiff is en-
titled to recover on either one of the grounds alleged, if supported
by proper proof, and the remedy is by motion to compel plaintiff to
elect on which one he would proceed to trial, and to strike out the
remaining clause. If this is not done, the defect is cured by
verdict.

2. —————— VARIANCE—HOW TAKEN ADVANTAGE OF.—In order to take
advantage of a variance, it is incumbent on the party complaining,
to make claim at the trial of surprise at the proof ; show in what
respect he has been misled and support it by *affidavit*. Otherwise
the variance will not be deemed material ; and even when mate-
rial the court may order the pleading amended upon such terms as
shall be just.

3. PUBLIC ROADS—PROCEEDINGS IN COUNTY COURT, AS TO ROADS
DE FACTO.—Proceedings in the county court concerning the recog-
nition of a crossing as a public highway, cannot affect the fact of
the existence of a road which is a public road *de facto*. The vested
rights of the public, if any had been acquired, could not be divested
by the failure of the county court to give recognition to the road as
a public one. No act or adverse *user* of the road by a wrong doer,
for a period less than ten years, could alter its legal *status*, or the
rights therein of the public. And railroad companies are excused
from fencing such crossings as are public highways *de facto*.

4. PRACTICE—VERDICT—WHEN FOR RIGHT PARTY.—When the verdict
is unquestionably for the right party, it will not be disturbed for
technical errors.

APPEAL from Buchanan Circuit Court, HON. JO-
SEPH P. GRUBB, Judge.

*Affirmed.*

The case and facts are sufficiently stated in the opinion.

E. S. Gosney and Strong & Mosman, for the appellant.

I.   Duplicity is a substantial objection.   Sect. 3530, Rev. Stat.   Defendant had a right to be informed of the specific neglect, on account of which a recovery against it was sought.   Sects. 3529, 3531, Rev. Stat. ; *Attebury v. Powell,* 29 Mo. 429.

II.   Defendant's objections to the evidence as to whether the crossing was public or private ; or of the condition of the gates ; or of the condition of the fence of the Hannibal & St. Joseph Railroad, should have all been sustained.   *Harrington v. Railroad,* 71 Mo. 384.

III.   Defendant's demurrer to the evidence should have been sustained, because there was no evidence that by reason of any defects in defendant's fences the cattle came upon the track.   *Clardy v. Railroad,* 73 Mo. 576 ; *Cecil v. Railroad,* 47 Mo. 246.

IV.   Where the petition alleges a specific act of negligence as the ground of plaintiff's action, there can be no recovery for any other.   *Buffington v. Railroad,* 64 Mo. 246 ; *Schneider v. Railroad,* 75 Mo. 295 ; *Edens v. Railroad,* 72 Mo. 212.

V.   The court erred in *refusing* defendant's *first* instruction ; if there was a question on the case made by the plaintiff's evidence, all doubt was removed by that of defendant.   The court also erred in *giving* plaintiff's *first* instruction.   *Price v. Railroad,* 72 Mo. 414 ; *Benson's case,* 78 Mo. 594 ; *Landis v. Hamilton,* 77 Mo. 561 ; *Abbott v. Railroad,* 83 Mo. 271 ; sect. 1358, Rev. Stat.

VI.   There was no public road at Smith's crossing.

No brief on file for the respondent.

Philips, P. J.—This is an action based on section

809, of the Revised Satutes, to recover damages against the defendant, a railroad corporation, for killing three head of cattle, the property of plaintiff. The allegations of the petition are, that the cattle strayed onto the railroad track where the same passed along and adjoining uninclosed lands and where the defendant had failed and neglected to construct and maintain lawful fences and cattle guards sufficient to prevent cattle from getting on its road. The plaintiff recovered judgment, and the defendant has appealed.

I. It is assigned for error that the court improperly overruled the motion made by defendant before the trial to strike out of the petition the allegations touching the neglect to erect and maintain a fence. If it be conceded that the neglect to erect and maintain the fence, and also to erect and maintain the cattle guards, constitute two separate causes of action, and that the one is so inconsistent with the other that they could not conspire to cause the injury, was the motion interposed by defendant the proper remedy to reach the defect in pleading ? The improper union in one count of causes of action, which invites a demurrer, pertains to the union of incongruous causes of action, which cannot be united in the same petition, "and not to the intermingling of causes of the same class in the same count." The imputed defect in the petition at bar belongs to the latter class. As the plaintiff was entitled to recover on either one of the grounds alleged, if supported by proof, if they could not be united in one count, defendant's remedy was by motion to compel the plaintiff to elect on which one he would proceed to trial, and to strike out the remaining cause (*Otis v. Mech. Bk.*, 35 Mo. 128); whereas, by the motion made, the defendant undertook to make this election itself and to strike out the one that best subserved its purpose. This it could not do. The motion was, therefore, properly denied. And the defect, if one, was cured by verdict, in the absence of the proper steps to remedy it. *House v. Lowell et al.*, 45 Mo. 381.

II. It is also assigned for error that there is a ma-

terial variance between the averments of the petition and the first instruction given by the court on behalf of plaintiff. This is predicated of the fact that the petition alleges that the public road crossing, where defendant should have erected and maintained cattle guards, is the road leading south from the city of St. Joseph, known as the St. Joseph and Weston road, whereas, the instruction says: "If the point described in evidence as Smith's crossing," etc. Defendant now contends that "Smith's crossing" is not identical with that described in the petition, but in fact is about one-half mile further north. In support of this position we are cited to cases like those of *Moffat v. Conklin* (35 Mo. 453); *Bank v. Armstrong* (62 Mo. 70); *Glass v. Gelvin* (80 Mo. 397), and especially to *Price v. Ry. Co.* (72 Mo. 414).

These cases assert the familiar rule of practice that a party cannot sue for one cause of action and recover on one not stated. In the *Price case* the *gravamen* of the petition was the neglect of the railroad company to stop long enough at its depot to allow the plaintiff time to safely pass from its cars, and negligently starting while plaintiff was in the act of departing, whereby he was injured. In addition to proof supporting this issue, plaintiff, also, introduced evidence tending to show that defendant's depot platform was not lighted. And by an instruction predicated a right of recovery on the omission to have such light. This was properly held to be a departure.

Waiving any discussion as to whether the rule invoked applies to the apparent variance in question, I am persuaded, from an examination of the record, that the court designated the crossing as "Smith's crossing" for the sufficient reason that the evidence tended to show that this is the same crossing as that alleged in the petition. If so, the defendant complains without injury.

It must be borne in mind that the petition says nothing about the road being the one most used by the

public.   Its averments are that it was the road leading
south from the city of St. Joseph, known as the St.
Joseph and Weston road, and that it crossed de-
fendant's railroad.   The witness, Johnson, who hauled
over it almost daily, testified that it is called the
Columbus Smith crossing.   "* * * It was called Smith's
crossing.   * * *   It is the old road from St. Joseph to
Weston."   Coleman testified that he had known this
crossing for ten years as a public traveled road, and
that he never knew the main traveled road crossed
lower down, etc.   Brown, another witness, testified
that he had known the road for twenty-five years;
that the crossing was called "Smith's crossing."   It
is true the evidence showed that one Fannon, who owned
land adjoining the railroad, had turned the road just
east of this point, so that much, if not the greater
part, of the travel south passed over the railroad
further south.   But this fact neither disproved that
the other crossing was a public road, nor that "the
old road from St. Joseph to Weston" did not cross
the railroad at the point designated by the witnesses
as "Smith's crossing."   The evidence also showed
that while an attempt had been made to divert the
travel over the lower crossing, and that the railroad
company had placed gates over the old crossing, the
public were so persistent in maintaining this crossing
as a public highway that they disregarded the gates,
and they were left open as a rule, scarcely ever being
found closed.

There is no ground even for a pretext that de-
fendant went to trial to meet a case of negligence predi-
cated of the lower crossing, rather than at the one
designated as Smith's, or that it was in anywise misled.
No surprise was expressed at the proof; and defendant
seemed prepared with all the proof it deemed essential
touching the question as to whether this crossing was a
public highway, which was the important issue.   Under
such state of the case, the imputed variance belonged to
that class under our practice act which made it in-

cumbent upon defendant, if he would seek advantage from such variance, to make claim at the trial of surprise at the proof, and support it by affidavit. *Bennett v. McCanse*, 65 Mo. 195 ; *Furner v. Railroad Co.*, 51 Mo. 509 ; *Brown v. Stone*, 66 Mo. 430 ; *Ins. Co. v. Davenport*, 57 Mo. 289 ; *Schaffer v. Phœnix Ins. Co.*, 4 Mo. App. 115.

III. Counsel have discussed in their brief questions beyond enumeration. But if the fact is that the crossing in question, at the time of the alleged injury to plaintiff's cattle was a public crossing, as applied to the defendant, it eliminates from this case the meshwork which counsel have sought to weave around it.

Plaintiff's evidence tended to show that this road where it crossed defendant's track had been used as a public highway for ten, fourteen and twenty-five years. And while the defendant, and the Hannibal and St. Joseph Railroad Company, which ran parallel, had about three years previous to this injury built their fences over the road and put up gates at this crossing, they did so at their own will and risk. . But it would also seem that neither they nor the public regarded this as a private farm crossing. In fact there was no farm, through which the roads ran at this point, to occasion the construction of this crossing and the erection of the gates for any such purpose. So the public disregarded the gates, and they stood habitually open. Being closed at any time was the exception.

The defendant introduced certain proceedings had a short time prior in the county court looking to the formal recognition of this crossing as a public highway. In *State v. Wells* (70 Mo. 635), it is held that such proceedings by the county court could in no wise affect the question as to whether this was a public road *de facto;* nor could it make any difference whether the defendant's agents and trackmen and fence builders knew it was a public crossing.

No act, or adverse *user* of the road, by a wrong doer, for a period less than ten years, could alter its

legal *status*, or the rights therein of the public.   *K. C., etc., Railroad Co. v. Farrer*, 76 Mo. 185–6.   Neither was it essential that this road should have been constituted or recognized by the county court.   The user by the public, acquiesced in by the owner, for ten years, is sufficient.   *State v. Walters,* 69 Mo. 463; *State v. Wells, supra.*

I take it to be perfectly clear, under the proof in this case, that had plaintiff's cattle been killed on this crossing, he could not have recovered from the defendant therefor on the ground that it had failed to erect a fence over this road.   In *Seward v. Railroad Co.* (33 Ia. 387), it is held that notwithstanding a railroad company may be required to fence its road at all places except the crossings of public traveled roads, yet it was not liable for stock killed at a crossing used by the public as a highway, although the point had not been designated by any order of court as such public highway. It was held that the company was excused from fencing such crossings as were public highways *de facto.*   This is approved in *Luckie v. Railroad Co.* (76 Mo. 642).

Rorer on Railroads, vol. 1, p. 1622, says :.   "Railroad companies may not rightfully fence their roads across public highways, or roads used as such.   It is not for such companies to settle the matter, or to know whether roads used as public highways are legally established, and are such in point of law, or not.   It is enough for them to know that, particularly and ordinarily, roads are used and treated as such by the public.   It, therefore, follows that these companies are not liable absolutely,. as for want of a fence, for killing live stock at or upon the crossings of public highways, or roads used as such, whether such roads so used as public highways are legally established or not."

If the defendant could not be held bound for an injury occurring on this crossing because of its failure to fence there, it follows as an inevitable corollary that the corresponding duty devolved upon it to construct cattle guards at the point.

Defendant contends that the cattle killed entered upon its road through the opening where defendant had placed gates. They were killed beyond the crossing, and beyond the point where the cattle guard should have been. There were no such cattle guards. Plaintiff's case was made out beyond any reasonable ground of contention, and the verdict is for the right party.

IV. The instructions asked by defendant carefully, it would seem, evaded the submission to the jury of the question as to whether the crossing was used and recognized as a public crossing, but treated the case on the assumption that it had the right to fence the road, and put a gate there, which was never kept shut, practically.

It is equally observable that it was careful not to submit to the jury the question of fact as to whether Smith's crossing was identical with that described in the petition. They were properly rejected.

The plaintiff's instruction was narrower than it should have been. It might well have been framed on the theory that this was *de facto* a public highway, known as Smith's crossing, whether defendant so recognized and treated it or not. But the verdict being unquestionably for the right party, it will not be disturbed for technical errors.

Judgment affirmed. All concur.