98 527
100a ²712

## POPE, *Appellant*, v. BOYLE.

1. **Landlord and Tenant: REPAIRS: NUISANCE.** Ordinarily the landlord is not liable for injuries arising from a nuisance whilst the property is in the possession and under the control of the tenant. The former is not liable for a nuisance arising from the want of ordinary repairs to a privy vault, the want of which became known for the first time three years after the lease of the property, vaults, water and sewer connections being such house attachments as must be and are under the eye of the actual occupant.

2. **Practice: FAILURE TO MAKE CASE.** Where the plaintiff fails to make out a case, it makes no difference upon what ground the court instructs for the defendant.

*Appeal from St. Louis City Circuit Court.*—HON. A. M. THAYER, Judge.

AFFIRMED.

*Wm. C. & Jas. C. Jones* for appellant.

The trial court erred in declaring the law to be that the defendant could not be held liable for the damages sustained, until he had notice of the defect, and then only for the subsequent damages which might or did ensue. *Rylands v. Fletcher*, L. R. 3. H. L. 330; *Fletcher v. Smith*, L. R. 7 Exch. 305; *Smith v. Kenwick*, 7 C. B. 515; *Baird v. Williamson*, 15 C. B. (N. S.) 376; *Broder v. Saillard*, 2 Ch. D. 292; *Lambert v. Bessey*, Sir T. Raymond, 421; *Tenant v. Golding*, 1 Salk. 360; *Humphreys v. Cousins*, 2 C. P. Div. 239; *VanLeuvens v. Lyke*, 1 N. Y. 516; *Pixley v. Clark*, 35 N. Y. 531; *McCarthy v. Syracuse*, 46 N. Y. 194; *Hays v. Cohoes Company*, 2 N. Y. 159; *Pinney v. Berry*, 61 Mo. 359.

*E. T. Farish* for respondent.

(1) The burden of proof was on the plaintiff to show that the sewer leading from the privy vault on defendant's premises was out of repair as early as September 20, 1881, and the failure of such proof, or of evidence tending to prove the same, was such a failure of proof as precluded a recovery. *Clancy v. Byrns*, 56 N. Y. 134. (2) But in this case there being a positive agreement and covenant on the part of the lessees holding this property under lease of date September, 1881, "to make all improvements and repairs, including plumbing and water closets, and to repair the same, and to keep said leased premises free from any nuisance in or adjacent thereto," for any such default in failing to keep and preserve their said covenant, the lessees, and not the defendant, were liable. *Mayor v. Corlies*, 2 Sanf. 301; *Radway v. Briggs*, 37 N. Y. 256; *Learned v. Stover*, 115 Mass. 86; *St. Louis v. Kaime*, 2 Mo. App. 66; *Gridley v. Bloomington*, 67 Ill. 47; *Bishop v. Bedfich*, 1 Ellis & E. 697; Taylor on Landlord & Tenant, 175; Wood on Nuisances, p. 950; Thompson on Negligence, p. 317; *Fish v. Dodge*, 4 Denio, 311; *House v. Metcalf*, 27 Conn. 631; *Rex v. Pedley*, 1 Ad. & El. 822; *Pritchard v. Collins*, 23 Barb. 445; *Durant v. Palmer*, 29 N. J. L. 545; *Marshall v. Cohen*, 44 Ga. 489.

BLACK, J.—This was a suit for damages occasioned by filth and foul water escaping from a privy, on the defendant's lot, to and through the basement wall of plaintiff's building.

Plaintiff and defendant own separate parcels of ground in the same block in the city of St. Louis, which are separated in the rear by a private alley three feet in width, and which alley is wholly on the land of defendant. Plaintiff erected upon his property a large building, known as Pope's Theater, in the year 1884. The

rear of the building is on the line between plaintiff and the defendant; and the basement at that point is some ten feet below the surface of the adjoining property. The privy vault on the defendant's property is located about three feet from the line of plaintiff's wall. The evidence shows that after plaintiff's building had been erected, and from September, 1884, to the latter part of 1885, water and filth percolated through the soil from the vault or private sewer connected therewith to and through the wall of plaintiff's building and into the basement thereof.

The defendant's property, prior to and during all this time, was in the possession and under the control of a lessee to whom the property had been leased by defendant for a period of five years from September 20, 1881. The lease contains the following covenants: " All improvements and repairs, including roofs, pavements, plumbing, gas and water pipes and water closets, must be made at the expense of the lessee; and he shall keep the premises free from any nuisance in or adjacent thereto."

The following stipulation is made a part of the record: "First. That notice of the alleged percolation and filtration of water and filth from the premises of the defendant through the walls and into the building of plaintiff was first given to the defendant on the twenty-fourth day of October, 1885. Second. That prior to said last-mentioned date, defendant had no knowledge of the fact of said percolation and filtration, or of the injury done, or being done, to the premises of the plaintiff. Third. That the injury and damage complained of by plaintiff in his petition were done to said building before said date, and before defendant had any notice or knowledge thereof."

A notice was served upon the tenant and he caused the nuisance to be removed with all reasonable dispatch.

The defendant's property had been in the possession of the tenant for three years before the injuries of which complaint is made, under a lease for five years and by which the tenant covenanted to repair and to keep the premises free from nuisances ; and the question arises at the outset, whether the lessor is liable under such circumstances.   In *Grogan v. Broadway Foundry Co.*, 87 Mo. 321, the building, the walls of which became a nuisance, was erected by the lessee, and we held that inasmuch as the lessor neither created nor maintained the nuisance he was not liable.   Ordinarily, the landlord is not liable for injuries arising from a nuisance whilst the property is in the possession and control of the tenant. But if the premises contain a nuisance at the date of the lease, the landlord will be held liable to third persons for injuries caused by the nuisance.   Taylor on Land. & Ten. ( 7 Ed.) sec. 175.   Washburn says, in speaking of the liabilities of the landlord:   " So, if the demised premises are at the time of the demise a nuisance, he is liable as creating it, though the tenant may also be liable for continuing it."   1 Wash. on Real Prop. ( 5 Ed.) 571.   Wood says :   " If a nuisance existed upon the premises at the time of the demise, the landlord as well as the tenant is liable for the damages resulting to third persons therefrom, although it only becomes a nuisance by the act of the tenant in using it for ordinary purposes."    Wood on Law of Nuisance ( 2 Ed.) sec. 827.   *Owings v. Jones*, 9 Md. 108, cited by plaintiff, is in accord with these principles.

There is nothing in this case which calls for the application of any other than these general rules of law, and the question is whether the evidence tends to show that the nuisance existed at the date of the demise. Mr. Collins, the plumber employed by defendant's tenant to make new sewer connections, states in positive terms that he found a small six-inch pipe in the alley leading from the vault east to Ninth street ; that it was

there connected with a twelve-inch pipe laid under the sidewalk, which extended northward in the direction of the Locust street sewer. He found this twelve-inch sewer obstructed, and concluded to, and did, put in an entire new sewer connection, and connected the same with water closets so that the old vault was abandoned. His evidence shows that there was an old abandoned sewer in Ninth street with which the six-inch sewer had been connected, but that connection had been broken off and a connection made with the twelve-inch pipe. The plaintiff insists that the evidence tends to show that this six-inch sewer had no connection from and after 1873, when the old Ninth street sewer was abandoned. Some of his witnesses do make broad statements to that effect, but it is evident that they had no accurate knowledge upon the subject, and were only expressing an opinion of what they concluded to be the fact.

But be all this as it may, the evidence utterly fails to show the existence of any nuisance at any time prior to September, 1884, three years after defendant leased the property. It is not pretended that any seepage made its appearance during the construction of the plaintiff's wall. That wall stands within three or four feet of the old vault, and had the vault been out of repair at the time the wall was erected the seepage would have then made its appearance. It is true the vault was an old one, and was liable to get out of repair, but these vaults, water and sewer connections, are just such house attachments as are and must be under the eye of the actual occupant. To hold the defendant liable in this case is simply to hold him liable for a nuisance arising from the want of ordinary repairs, the necessity for which repairs became known for the first time three years after the property had been leased. This we conclude is not the law.

The point is made by the plaintiff that the trial court directed a verdict for defendant solely on the

ground that defendant had no notice of the existence of the nuisance until after the damage sued for had been suffered by plaintiff, and that no other question is before this court. The plaintiff having failed to make out a case, it matters not upon what ground the court instructed for defendant.

The judgment is right and it should be and is affirmed. SHERWOOD, J., absent; the other judges concur.