BERRY, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY et al., Appellants.

St. Louis Court of Appeals, April 16, 1907.

1. **RAILROADS: Public Highways: Fences: Killing Stock.** A road used for travel by the public for more than ten years becomes a public road and a railroad company building a line across it is not required to fence it and is not liable for stock killed at such crossing on account of failure to fence.

2. ———: ———: ———: **Changing Road.** The fact that the old road had been fenced up and the road changed by moving it

150 yards, did not interfere with the running of the Statute of Limitations in the public's favor so that the railroad company had no right to fence its track where it crossed the road as thus changed.

Appeal from New Madrid Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED.

*L. F. Parker* and *Moses Whybark* for appellants.

(1) Under the facts in this case the railroad company was not authorized to fence the road. Dowe v. Railroad, 116 Mo. App. 555; Giltz v. Railroad, 65 Mo. App. 445; Roberts v. Railroad, 43 Mo. App. 287; Henderson v. Railroad, 36 Mo. App. 113; Luckie v. Railroad, 76 Mo. 639; State v. Walters, 69 Mo. 463. (2) "A public road may be established in Missouri, either by a proceeding in the county court, or by a dedication, or by adverse possession, and the expenditure of money on the road by the county court, but other public authority is not necessary. Carter v. Railroad, 69 Mo. App. 295; Golden City v. Clinton, 54 Mo. App. 100; Moore v. Hawk, 57 Mo. App. 495; Becker v. St. Charles, 37 Mo. 13; State v. Wells, 70 Mo. 635; Zimmerman v. Snowden, 88 Mo. 218; Downend v. Kansas City, 156 Mo. 71; Longworth v. Sedivic, 165 Mo. 230; 22 Am. and Eng. Ency. Law (2 Ed.), 1221.

*J. V. Conran* for respondent.

BLAND, P. J.—On September 24, 1904, plaintiff's cow was unavoidably struck and killed by defendants' engine and cars, at a country road crossing in New Madrid county. The action is bottomed on section 1105, Revised Statutes 1899. Plaintiff recovered judgment for double the value of the cow. The point in controversy is as to whether or not the road where the crossing was

made was a public road, or such a road as defendants were required by law to keep open by constructing a crossing where its tracks crossed the same. The evidence in respect to the road was all furnished by plaintiff and, briefly stated, is that plaintiff had lived on his farm for seventeen years and the road run over his land just outside of his south fence, when he moved on the farm; that nine or ten years before the trial, he moved his fence one hundred and fifty or two hundred yards south, taking in the old roadway, and cut out a new one along and on the outside of his fence, for the purpose of giving his neighbor a road; that the road was a neighborhood road and had been traveled by the public during all the time he had lived in the neighborhood, and he did not know how much longer; that no public work had ever been done on the road; that it led into another road that turned east and people had to travel it; that the railroad had been in operation about two years, and when the tracks were laid the company made the crossing and put up the statutory crossing sign.

At the close of the evidence, defendants offered an instruction in the nature of a demurrer to the evidence which the court refused. No other instructions were asked and none were given.

The question for decision is, were the railroad companies authorized to fence the road? If not, defendants' demurrer to the evidence should have been granted. The road was used and traveled by the public for more than ten years, hence the public acquired a right to it by adverse possession, and defendants were not required to fence it. [Dow v. Railroad, 116 Mo. App. 555, 92 S. W. 744; Easley v. Railway, 113 Mo. 236, 20 S. W. 1073; Longworth v. Sedevic, 165 Mo. 221, 65 S. W. 260] We do not think the fencing in of a part of the originally traveled road, and moving it one hundred and fifty or two hundred yards south, by plaintiff, was an act hostile to the right of the public in the road but, as shown by

plaintiff's evidence, was done in recognition of such right and with the intention that the road as changed should be used by the public as it had been theretofore. This slight change in the road, made in the circumstances related by plaintiff, we do not think interfered with the running of the Statute of Limitations in the public's favor, and conclude that defendants had no right to fence the road and that their demurrer to the evidence should have been given. The judgment is reversed. All concur.