LEWIS P. MAIN, Appellant, v. ADDIE G. NASH and LEWIS A. GRAVES, Respondents.

*Springfield Court of Appeals, December 6, 1922.*

DEDICATION: Owners of Land Used as Public Road Cannot Urge Secret Intent Never to Dedicate it as a Public Road. Where the owners of land on both sides of a lane knew the public was using it is as a road under claim of right, having stood by and allowed that user to continue for fifteen years or more, they, and those claiming under them, cannot now be heard to say that they never intended this lane to be dedicated to the public as a public road. It is not the secret intention of the parties that controls in a case of this kind, but it is the intention which is reasonably presumed to exist from what is open to public view; the appearances control rather than the actual secret intention of the parties.

Appeal from Webster County Circuit Court.—*Hon. C. H. Skinker,* Judge.

REVERSED AND REMANDED (*with directions*).

*Lewis P. Main* for appellant.

No appearance for respondents.

COX, P. J.—Action by injunction to prevent the closing of an alleged public road. Issues found for defendants, and appellant's bill dismissed and he has appealed.

The plaintiff is the owner of the East Half of the Northeast Quarter, Section 33, Township 31, Range 18,

in Webster County. Defendant Addie Nash is the owner and defendant Graves the tenant in possession of the Northwest Quarter of the Northwest Quarter and the Southwest Quarter of the Northwest Quarter of Section 34, Township 21 Range 18. The two forty-acre tracts now owned by defendant Nash adjoin the land of plaintiff on the east and plaintiff contends that a public road runs east from his land between the two forty-acre tracts of defendant, a part being on each forty, and connected with a north and south public road on the east side of defendants land known as the Lebanon road and that defendants are attempting to close this road leading from plaintiff's land to the Lebanon road and seeks to enjoin them from doing so.

This road is a *cul de sac*. At the closed end of this road is a gate through which the travelers upon this road pass, and then go on across plaintiff's land and over it to another road called the Buffalo road. The road in question and plaintiff's farm are a short distance from the Town of Marshfield and if the road in question is closed, plaintiff will have no practical way to reach Marshfield. It is conceded that the road in question was not established by the county court but if it is now a public road its establishment as such must depend upon dedication and user. There is very little conflict in the testimony and we find the facts to be as follows:

Until a short time ago the two forty-acre tracts between which the road in controversy runs was owned by different parties and were unenclosed until fifteen or eighteen years ago. The land now owned by plaintiff was improved and there was a neighborhood road that ran from the house on plaintiff's land across a part of each of the two forty-acre tracts aforesaid by which plaintiff had access to the Lebanon road and thence to Marshfield. Some fifteen or eighteen years ago, the then owners of the two forty-acre tracts fenced them and in doing so left a lane on the line between them twenty-five to thirty feet wide. The man who owned and fenced the north forty testified that at that time his father owned the

land now owned by plaintiff and that he left his part of the lane so his father could have an outlet. The man that fenced the south forty testified that he just set his fence back seven or eight feet form the line to be sure he did not get over the line. The lane has remained there to the present time and has been traveled and used as a road by plaintiff and by all persons who had occasion to come to his place. The public, when desirous of passing from the Lebanon road across to the Buffalo road would pass through this lane and through the gates on plaintiff's farm to reach the Buffalo road. Persons hauling sand and gravel from the creek on plaintiff's land would pass through this lane. The road in this lane did not need much work but the brush and rocks in it were removed from time to time by persons using the road. No public money or labor was ever expended upon it but it was open to the public and was used as a road for from fifteen to eighteen years before this suit was filed.

The plaintiff before purchasing his farm inquired about this road and learned that it had been open and used as a road for more than ten years and bought the farm and made his improvements upon it in the belief that this road was a public road and would therefore never be closed. He paid more for the farm than he would have paid had he not understood and believed that this lane was a public road.

It is apparent from the facts developed in this case that had the two forty-acre tracts adjoining this road remained in the possession and ownership of different persons there would have been no effort to close this road. It is also clear that at the time the fences were first placed there and the lane left as a passageway, the owner of the north forty intended, primarily, to accommodate his father who then owned the land now owned by plaintiff but he also understood that it was open for use by the public. The party who owned the south forty said he put his fence back seven or eight feet from the line to be sure he did not get over the line and with no thought at

the time of leaving it for a road. His fence was erected prior to the one on the north forty but when the other fence was erected that left a lane there and it has been used as a road ever since and plaintiff, and the public generally, had the right to rely on the appearances, and this lane could carry but one impression to any observer and that was that it had been placed there to be used as a road by any person having occasion to use it. In that situation, the owners of the land on both sides of this lane must have known that plaintiff and the public were using it as a road under claim of right and having stood by and allowed that user to continue for fifteen or more years, they, and those claiming under them, including the defendants in this case, cannot now be heard to say that they never intended this lane to be dedicated to the public as a public road. It is not the secret intention of the parties that controls in a case of this kind but it is the intention which is reasonably presumed to exist from what is open to the public view. The appearances control rather than the actual secret intention of the parties.

Our conclusion is that the evidence in this case clearly shows that the road in question is a public road. We call attention to the following cases in support of our conclusion: Dow v. Kansas City S. R. Co., 116 Mo. App. 555, 92 S. W. 744; Borders v. Glenn, — Mo. App. —, 232 S. W. 1062; Perkins v. Fielding, 119 Mo. 149, 24 S. W. 444, 27 S. W. 1100; Borchers v. Brewer, 271 Mo. 137 196 S. W. 10. Many other cases might be cited but this will suffice.

The judgment is reversed and the cause remanded with direction to enter judgment for plaintiff permanently enjoining defendants from closing or obstructing the road described in plaintiffs' petition. *Farrington* and *Bradley, JJ.*, concur.