## CITY OF INDEPENDENCE, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant. *

**Kansas City Court of Appeals, February 4, 1901.**

1. **Evidence: MUNICIPAL CORPORATION: ORDINANCE: RAILROADS: DEFENSE.** A city granted a railroad a right to use its street, the ordinance requiring the railroad to keep the street in repair and indemnifying the city for damages for failure. Defendant, after the construction of the road, occupied and operated the same and allowed the street to get out of repair whereby a traveler was injured and the city was compelled to pay damages. Held, in an action by the city to recover the damages so paid the ordinance was evidence and the defendant was presumed to be the successor of the original grantee, and if it held under an independent right, that was a matter to be shown by it.

2. **Action: MUNICIPAL CORPORATION: ORDINANCE: RAILROADS: LIABILITY.** If a railway company accepts an ordinance with such conditions, it is liable to the city for damages for judgments the latter has been compelled to pay by reason of personal injuries received through defect in the street.

3. ———: ———: **COMMON LAW: RAILROADS: LIABILITY.** Where a new highway is made across an old one, such as laying a railroad track across a public street, the crossing must be made with the least possible injury, and every structure necessary to the convenience and safety of such crossing must be erected and maintained by the party constructing and using the new way.

4. ———: ———: ———: ———: ———. A city is liable to a person injured by negligent defect in a street crossing and may sustain an action for indemnity against a railway company if it was first and principally in fault and the wrongful cause of the defect. The city is in the position of a surety for the company, and the doctrine that where parties are *in pari delicto* one may not recover over against the other, does not apply.

5. ———: ———: ———: ———: DEFENSE. A railroad using a crossing in the street occupies a different position from the owner of property abutting on the street and a different rule of liability obtains.

Appeal from the Jackson Circuit Court.—*Hon. E. P. Gates, Judge.*

AFFIRMED.    •

*Elijah Robinson* and *J. H. Lorie* for appellant.

(1) There is at common law no obligation resting upon the owner of abutting property to repair streets and sidewalks. Elliott's Public Cor., p. 299; Rochester v. Campbell, 123 N. Y. 405; s. c., 20 Am. St. Rep. 760, and note; Dillon on Mun. Cor., sec. 1012. · The crosswalk are part of the sidewalks. Elliott on Public Cor., p. 300, n. 1; Goodfellow v. New York, 100 N. Y. 15; Hoyt v. Danbury, 69 Conn. 341; City of Hartford v. Talcott, 48 Conn. 525. (2) The duty to repair rests upon the municipality, and is co-extensive with the width of the street. It can not evade or cast this duty on others. City of Hartford v. Talcott, 48 Conn. 525; City of St. Louis v. Ins. Co., 107 Mo. 96; Norton v. St. Louis, 97 Mo. 537. Baustian v. Young, 152 Mo. 317; Blackwell v. Hill, 76 Mo. App. 46. (3) An abutting owner, as such, owes no duty to maintain the street or sidewalk in front of his premises, and is not responsible for any defects therein which are not caused by his own wrongful act. Nor is he liable to the city which has

suffered judgment in favor of one injured by reason of such defects. City of St. Louis v. Ins. Co., 107 Mo. 92; 2 Shearman & Redfield on Neg., sec. 343; City of Hartford v. Talcott, 48 Conn. 526; 2 Dillon on Mun. Cor. (4 Ed.), sec. 1012, 1035; City of Rochester v. Campbell, 123 N. Y. 405; s. c., 20 Am. St. Rep. 760; Wilhelm v. Defiance, 58 Ohio St. Rep. 56; Wilhelm v. Defiance, 65 Am. St. Rep. 745, and note; 2 Black on Jud., sec. 575; Kirby v. Market Ass'n, 14 Gray 249; Van Dyke v. Cincinnati, 1 Disney 532; Heeney v. Sprague, 11 Rhode Island 456; Flynn v. Canton Co., 40 Md. 312; Moore v. Gadsden, 93 N. Y. 12.

*Paxton & Rose* for respondent.

(1) The ordinances ought to have been admitted, and under their provisions the city had a right to recover over against the railroad. City of St. Joseph v. Railroad, 116 Mo. 636; Troy v. Railroad, 49 N. Y. 657; Railroad v. Railroad, 151 Mo. 373. (2) The successor of the railroad was equally bound by the ordinances. People v. Railroad, 67 Ill. 118, 120; Commonwealth v. Railroad, 117 Penn. St. Rep. 637. (3) At common law, a railroad running across a street is bound to keep its right of way safe for travel and in repair. Lowell v. Railroad, 23 Pick. (Mass.) 24; Tobias v. Railroad, 103 Mich. 330, 338; Maltby v. Railroad, 52 Mich. 108, 110; People v. Railroad, 67 Ill. 118, 119, 120; Oliver v. Railroad, L. R. 9 Q. B. 409; Lake Shore, etc. v. McIntosh, 140 Ind. 261; Dyer Co. v. Railroad, 87 Tenn. 712, 714. (4) At common law, the city had the right to recover over against the railway company. Ottumwa v. Parks, 43 Ia. 119; Lowell v. Spaulding, 4 Cush. (Mass.) 277; Judson v. Railroad, 29 Conn. 434; Milford v. Holbrook, 9 Allen 17; Portland v. Richardson, 54 Me. 46; Veazie v. Railroad, 49 Me. 119; Rochester v. Montgomery, 72 N. Y. (27 Sickels) 65.

ELLISON, J.—The defendant's railway track crosses Kansas street in the city of Independence. The street runs east and west. The defendant's railway crosses over it from north to south with a right of way forty feet in width. Defendant built a sidewalk crossing over the street on the north line of the right of way for the use of the public. This walk also operated as a crossing over a drain ditch on the side of defendant's railway. Mrs. Armstrong was injured by falling into a hole in the sidewalk. She afterward recovered a judgment against plaintiff city therefor. Her husband also recovered a judgment against the city for his loss by reason of the injury to his wife. The railway company was duly notified of such suits and judgments. The city paid these judgments and then brought this action against the railway company, contending that the company is liable over to it for the amount of the judgments. The city prevailed in the trial court.

1. It appears that the city, by ordinance, granted the right of way to a railroad known as the Wyandotte, Kansas City & Northwestern Railway and that defendant now occupies the right of way and operates the road. This ordinance made it the duty of the first named railway to keep the crossing in good repair and rendered it liable to the city if the city suffered damage by reason of the railway's failure.

The ordinance was offered in evidence and excluded by the trial court on the ground that plaintiff had not shown that defendant was the lawful successor of said Wyandotte, Kansas City and Northwestern road. It is clear that any lessee, grantee or successor of the first named company will be liable to such conditions as were attached to obtaining this right of way. People v. Railroad, 67 Ill. 118; Railroad v. McIntosh, 140 Ind. 261; Commonwealth v. Railroad, 117 Pa. St. 637. It was conceded that defendant was occupying the right of way and operating the road, and we are of the opinion that this was a prima facie showing that defendant was the lessee,

grantee or otherwise lawful successor of the first named road. If defendant was thus occupying and operating the road, through some independent right not coming through the other road, that was a matter which should justly have rested on it to show.

2.   The object of offering the ordinance was for the purpose of showing that defendant was liable to this action.   We think it was competent and sufficient for that purpose.   For if a railway company accepts an ordinance granting it a right of way over the street of a city, with protective provisions that the company shall keep the crossing in proper repair for public use and respond in damages for a failure to do so, it can be held for the damages which result to the city by reason of having to pay a judgment obtained for personal injuries received through defects in the crossing which the company has negligently failed to maintain in reasonably safe repair.   City of St. Joseph v. Railroad, 116 Mo. 636, and authorities, supra.

3.   Notwithstanding the court's ruling on the ordinances, it yet allowed plaintiff to recover on the ground, no doubt, that it was defendant's duty at common law to provide and maintain a safe crossing.   We are satisfied that such was defendant's duty by the common law, independent of any contractual relation brought about by the ordinance and acceptance thereof:   "It is a well-settled rule of the common law, resting upon the most obvious considerations of fairness and justice, that where a new highway is made across another one already in use, the crossing must not only be made with as little injury as possible to the old way, but whatever structures may be necessary to the convenience and safety of the crossing must be *erected and maintained* by the person or corporation constructing and using the new way."   Dyer County v. Railroad, 87 Tenn. 712.   The same rule is announced in Maltby v. Railroad, 52 Mich. 108; Tobias v. Railroad, 103 Mich. 330; People v. Railroad, 67 Ill. 118.

In an English case BLACKBURN, J., said: "In Rex v. Kerrison, 3 M. & S., 526, it was held that where persons are authorized by statute to create what would otherwise amount to an indictable nuisance, such as making cuts across a highway, they were bound without any express enactment to put and keep up for the public a proper substitute for the old way, such as a bridge." Oliver v. Railroad, L. R. 9 Q. B. 409. We may say here, as the learned judge said there: "The principle of that case is expressly in point."

4. The person thus disturbing the highway must not only restore it to a condition of convenient use, but he must *keep* it in such condition. Dyer County v. Railroad, 87 Tenn. 712; Lake Shore Ry. Co. v. McIntosh, 140 Ind. 261. In the first named case a long array of authorities (text writers and adjudicated cases) are gathered and cited in support of the proposition.

5. The city being held liable to a person injured by a negligent defect in the crossing may, at common law, without the aid of statute or contract, recover over against the person or corporation failing to keep such crossing in reasonably safe repair for those travelling over it.

"A town thus made liable may sustain an action for indemnity against the railway company, if that company was first and principally in fault and the wrongful cause of the defect or neglect. The town is compelled by law and public policy to stand as guarantors, or in a position like that of surety for the company, that it shall not be guilty of neglect. When the wrong or neglect is altogether on the part of the company, the town may nevertheless be held to make good the injury to the individual. The liability of the railroad company is to indemnify the town fully for all the damages it has been compelled to pay, and for the costs and expenses reasonably and fairly incurred." Veazie v. Railroad, 49 Maine 119. To the same effect are the following: Ottumwa v. Parks, 43 Iowa

119; Lowell v. Spaulding, 4 Cush. (Mass.) 277; Judson v. Railroad, 29 Conn. 434; Milford v. Holbrook, 9 Allen 17; Portland v. Richardson, 54 Me. 46; Rochester v. Montgomery, 72 N. Y. 65.

If it be suggested that both the city and railway company being legally bound to keep the highway in repair, they are both wrongdoers in letting it become unsafe, and therefore one can not, under the rule *in pari delicto*, recover over against the other for that which was a common wrong.　That question has been met in several cases and it has been determined, in keeping with the quotation from Veazie v. Railroad, supra, that the primary duty is upon him who disturbs the highway by diverting it, at least in part, to some other use, to keep it in safe condition and that the parties are not therefore *in pari delicto*. "The only fault or negligence which could be imputed to the town, on the facts shown, was a failure to remedy the nuisance which the defendant had caused.　This is no bar to the claim for indemnity." Milford v. Holbrook, 9 Allen 17; City of Portland v. Richardson, 54 Maine 46; Lowell v. Railroad, 23 Pick. 24, 31.

7.　Defendant seeks protection from this action under the rule which has been adopted in this State that an abutting property-holder owes no duty to maintain the sidewalk in front of his premises and is not responsible for any defects therein, not caused by his act, or authority.　St. Louis v. Ins. Co., 107 Mo. 92.　But that rule can not apply to defendant.　Defendant is not an abutting owner.　Defendant's property does not front on or lie contiguous to the street.　Defendant occupies the street itself and its property, or right, is in, or upon, the street.　Defendant is not a passive property owner along the side of the street, but is an active disturber of the street itself, claiming rights therein which must not be allowed to interfere with its safe use by the public.

The result is to affirm the judgment.　All concur.