HECTOR EVANS, Respondent, v. CHICAGO, BURLINGTON & QUINCY RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, April 6, 1908.

PLEADING: Petition: Defective Sidewalk: Lotowner. A petition alleging that a railroad company kept and maintained across its right of way and tracks a sidewalk in insufficient repair to be safe, of which unsafe condition it had knowledge, being notified by the town authorities, sufficiently states a cause of action for negligently maintaining a private sidewalk, and cases relating to the liability of landowners in cities for defective sidewalks have no application.

Appeal from Macon Circuit Court.—*Hon. Nat. M. Shelton,* Judge.

AFFIRMED.

*O. M. Spencer* and *Guthrie & Franklin* for appellant.

(1) The lotowner is under no duty to the public to keep the sidewalk in front of his premises in repair, and is not liable for failure to do so. Baustian v. Young, 152 Mo. 325; Norton v. St. Louis, 97 Mo. 541; Blackwell v. Hill, 76 Mo. App. 56. (2) The lotowner is not required to indemnify the city after its payment for damages caused by defective sidewalk in front of his property. St. Louis v. Insurance Co., 107 Mo. 95; Reedy v. Brewing Assn., 161 Mo. 533. (3) These propositions are maintained in other States. Rochester v. Campbell, 123 N. Y. 405, 20 Am. St. 760; Betz v. Limingi, 46 La. Ann. 1113, 49 Am. St. 344; Wilhelm v. Defiance, 58 Ohio St. 56, 65 Am. St. 745; Keokuk v. District of Keokuk, 53 Iowa 352, 36 Am. 226; Taylor v. Railroad, 45 Mich. 74, 40 Am. 457; Hartford v. Talcott, 48 Conn. 525, 40 Am. 189; Martinovictz v. Wooley, 128 Cal. 141, 6 Pac. 760; Sneeson v. Kupper, 21 R. I. 560, 45 Atl. 579; Rupp v. Burgess, 70 N. J. Law, 56,—Atl. 166; Hays v. Baraboo (Wis.), 3 L. R. A. (M. S.), 84. (4) The petition refers to and describes a public sidewalk under the jurisdiction of the city. A like pronoun could be properly used in reference to the abutting property-owner's relation to any sidewalk. "His" sidewalk means the sidewalk in front of the lotowner's property. That is the proper acceptation of the expression. (5) To support the petition plaintiff would have to show: (1) That the sidewalk abutted on defendant's property. (2) That it was a public sidewalk. (3) That it was out of repair. (4) That the city, by its proper officers, in a proper manner, had given

notice to repair or to rebuild. Any other evidence would not support the petition. That evidence would prove an action against the city and not against the defendant.

*Walter C. Goodson* for respondent.

(1) The court did not err in sustaining respondent's motion to set aside the nonsuit and grant him a new trial. Respondent's petition "contains a plain and concise statement of facts constituting a cause of action, without unnecessary repetition," and further contains all the other requisites of a good petition, as required by the statute. R. S. 1899, sec. 592. (2) "A plaintiff need only allege in his petition what he is bound to prove to make out his prima facie case." Crane v. Railroad, 87 Mo. 588. (3) The appellant's points 1, 2 and 3 to the effect that a lotowner is under no duty to the public to keep the sidewalk in front of his premises in repair, and is not liable for failure to do so, is without merit. (4) Where a railroad company has constructed a plank sidewalk across its tracks at a street crossing, and has kept the same in repair, the company has, by that act invited people to pass over the walk, and it has thus become its duty to keep such walk in a reasonably safe condition for public travel. Retan v. Railroad, 53 N. W. 1094. (5) "The liability of a railroad company for failure to keep a sidewalk across its tracks in fit and safe condition as required by law is not affected by the fact that a right of action might possibly exist for the same defect against a municipality. Jeffrey v. Railroad, 31 L. R. A. 170. R. S. 1899, sec. 1103. (6) Under the code practice in this State the rule obtains that the pleading should be liberally construed. R. S. 1899, sec. 629; Foster v. Railroad, 115 Mo. 165; Overton v. Overton, 131 Mo. 559. The pleading is to be taken in its plain and obvious meaning, giving such interpretation

to it as fairly appears to have been intended. Still-well v. Hamm, 97 Mo. 579; Hood v. Nicholson, 137 Mo. 400; Law v. Crawford, 67 Mo. App. 150; Sumner v. Rogers, 99 Mo. 324.

ELLISON, J.—This action was instituted by plaintiff to recover damages for injuries received by falling on a sidewalk alleged to have been maintained by defendant as an approach to its station. No demurrer was interposed, but at the opening of the trial defendant objected to any evidence being received on the ground that the petition did not state facts sufficient to sustain a cause of action. The trial court sustained the objection and plaintiff took a nonsuit with leave. Afterwards the court set aside the nonsuit and defendant thereupon appealed to this court.

The petition alleged "that on or about the 29th day of June, 1906, he, in company with one —— Gatsumeyer, was going to the defendant's station in the town of New Cambria for the purpose of assisting the wife of this plaintiff on the train as a passenger; that he approached said defendant's station over and upon the defendant's sidewalk and sidewalk crossing, kept and maintained by said defendant over, across and upon its right of way and tracks; that by reason of the carelessness and negligence of the defendant in failing to keep its sidewalk and sidewalk crossing in safe repair, though it had knowledge of the unsafe condition of said walk and had been repeatedly notified by the authorities of the town of New Cambria to repair and rebuild said sidewalk and sidewalk crossing,—plaintiff was tripped by some loose boards in said walk, unknown to this plaintiff, and thrown violently forward onto the tracks of the defendant, sustaining from said fall," great bodily injury, etc.

The petition undoubtedly stated a cause of action and the trial court properly set aside the nonsuit. The

allegation is that defendant kept and maintained a sidewalk upon its right of way and over its tracks. That it neglected to keep the walk in repair after knowledge of its unsafe condition.

There is a class of cases in this State which state the law to be that the abutting property-owner is not liable to parties injured on defective sidewalk in front of his property (Baustian v. Young, 152 Mo. 317, 325; Independence v. Railway, 86 Mo. App. 585); but that class cannot have application to the case of one who maintains a public place and constructs walks on his grounds for the approach of the public. In the latter instance the owner is liable. [Retan v. Railway, 94 Mich. 146, 53 N. W. 1094.]

The judgment is affirmed. All concur.