ANNIE E. LEE, Respondent, v. ST. LOUIS & SAN FRANCISCO RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, June 28, 1910.

1. RAILROADS: Construction and Maintenance of Crossings: Common Law. It is the common law duty of railroad companies to construct and maintain such crossings and approaches as are reasonably necessary to enable travelers to go upon, over and across their railroads at public highways. This duty usually extends only to lawful highways, but if the company constructs a crossing and invites or induces people to use it as a public crossing, it is its duty to use reasonable care to keep the crossing in repair identically as though it were at an established public road.

2. ———: ———: Statute: Applicable to What Highways. The duty imposed by section 1103, Revised Statutes 1899, requiring railroad companies to construct and maintain sufficient crossings where their tracks cross "public roads . . . now or hereafter to be open for public use," is not limited to the construction and maintenance of crossings over highways laid out under legal proceedings, but requires the construction and maintenance of crossings over highways established by dedication or prescription; and where a highway existed as a public highway for twenty-five years prior to the adoption of section 9694, relating to the necessity of expending public money on a public highway to defeat the right of the owner of the fee, the railroad company must construct and maintain crossings over it, though no public money has ever been expended on the highway, and where its failure to do so results in injury to a traveler on the highway it is liable in damages.

3. ROADS AND HIGHWAYS: Establishment: Prescription: Necessity of Showing Expenditure of Public Money Dispensed With, When. A road used by the public as such for twenty-five years before the adoption of section 9694, Revised Statutes 1899, requiring the expenditure of public money on a road by prescription to defeat the right of the owner in fee,

is a public highway, though no public money has been ex-
pended on it, for the statute has no retroactive effect.

4. RAILROADS: Construction and Maintenance of Crossings:
Highway Established Before Railroad is Constructed. Where
there has been a lawful establishment of a highway, whether
by dedication, prescription or otherwise, before the railroad
is constructed, the company owning such railroad is not only
required, but may be forced, to construct and maintain neces-
sary crossings, under the statute.

5. INSTRUCTIONS: Requisites: Should Reckon With Every Fea-
ture of Case. An instruction which predicates liability against
the defendant should reckon with every feature of the case,
before directing the jury that a finding may be given for the
plaintiff on the hypothesis therein set forth.

6. NEGLIGENCE: Instructions: Non-Direction Not Error. In an
action for personal injuries, where an instruction on the meas-
ure of damages is given, the failure to give an instruction
on the issue of negligence and defining the liability of de-
fendant is not erroneous, such failure amounting merely to
non-direction, which is not reversible error. The plaintiff
is not required to request an instruction defining the issues
and setting forth the questions of liability or non-liability on
the facts developed, nor is the court required to give such an
instruction in the absence of a request therefor.

7. DAMAGES: Excessive Verdict: Two Thousand Dollars Held
Not Excessive. A woman forty-five years old sustained a per-
sonal injury. Two ribs were broken, both ankles were sprained
and a foot otherwise considerably injured. She was unable
to walk for several months. Her nervous system was consid-
erably shocked. She was confined to her bed for eight weeks
and compelled to use crutches for about three months. She
suffered great pain. *Held*, that a verdict for two thousand dol-
lars was not excessive.

Appeal from New Madrid Circuit Court.—*Hon. Henry
C. Riley,* Judge.

AFFIRMED.

*W. F. Evans* and *Moses Whybark* for appellant.

(1) This suit is based on the following sections of
the statute. R. S. 1899, sec. 1103; Session Laws 1905, p.
106. (2) These sections have no application to the
road in question in this case. It was never an estab-

lished public road; but was at most a *de facto* road and the statute applies only to public roads, which the public authorities have established and recognized by working the same and exercising public control over them, which was never done in this case. R. S. 1899, sec. 9554; Sikes v. Railroad, 127 Mo. App. 326; State v. Macy, 72 Mo. App. 427; Henry v. Railroad, 44 Mo. App. 100; Lincoln v. Railroad, 75 Mo. 27. (3) The plaintiff brought her suit under the statute, and the proof is clear that she had no cause of action under the statute, and the court ought to have sustained the demurrer to the evidence on the facts, but instead of doing so, not only overruled the demurrer, but refused to submit the question to the jury as requested by defendant by instruction No. 2 offered by it, and this was error. Camp v. Railroad, 94 Mo. App. 272; Jackson v. Fulton, 87 Mo. App. 228; Lore v. Mfg. Co., 160 Mo. 608; Latapie-Vighaux v. Askew Sadd. Co., 193 Mo. 1; City of Clinton v. Henry County, 115 Mo. 557; City of Pleasant Hill v. Dasher, 120 Mo. 675. (4) The statute, by prescribing the method of constructing crossings over public roads or town streets, repealed the common law, and whatever action may be maintained now must be based upon a non-compliance with the statute in constructing the crossing, and the road must be a public road, recognized and worked as such by the public authorities. State v. Dalton & Fay, 134 Mo. App. 517; Young v. Railroad, 33 Mo. App. 509; State v. Boogher, 71 Mo. 631; Railroad v. Railroad, 149 Mo. 245. (5) A publicly traveled road may be a *de facto* road, but not necessarily a road *de jure.* The distinction between the two classes of highways is well recognized. Sikes v. Railroad, 127 Mo. App. 326; Dow v. Railroad, 116 Mo. App. 555; Berry v. Railroad, 124 Mo. 436. (6) The damages assessed by the jury are excessive and disproportionate to the injury to plaintiff, and obviously the result of passion, prejudice or undue sympathy for her, and when that is

the case appellate courts will set the verdict aside. Phippin v. Railroad, 196 Mo. 321.

*James V. Conran* for respondent.

There can be no question but that the railroad was required to maintain the crossing. Moberly v. Railroad, 17 Mo. App. 518; Hill v. Railroad, 49 Mo. App. 520; Lincoln v. Railroad, 75 Mo. 27; Kimes v. Railroad, 85 Mo. 611.

NORTONI, J.—This is a suit for damages accrued to · plaintiff on account of personal injuries received through defendant's negligence in failing to construct a sufficient approach to a public road crossing on its railroad. Plaintiff recovered and defendant prosecutes the appeal.

It appears plaintiff was traveling in a carriage on the public highway and approaching the crossing of defendant's railroad when an embankment on which the approach to the crossing was constructed gave way and occasioned her injury. The horse, the carriage and plaintiff were all precipitated from the embankment to the lower ground, more than seven feet below. As a result of the overturning of the carriage, plaintiff received two broken ribs, two sprained ankles and other painful injuries.

The suit proceeds on our statute which requires railroad corporations to construct and maintain good and sufficient crossings and approaches thereto where their railroads cross public roads open for public use. So much of the statute as is relevant here is as follows:

"Every such corporation shall construct and maintain good and sufficient crossings, where its railroad crosses public roads or town streets, now or hereafter to be opened for public use, which crossings shall be constructed of the materials and in the manner following: On each side of each rail shall be laid and securely spiked to the cross-ties a plank of not less than ten

inches in width, two inches in thickness, nor less than sixteen feet in length on all public roads, nor less than twenty-four feet in length on all streets in towns and cities, to be of good and sound timber; the space between the inside planks shall be filled with macadam or gravel even with the top of the planks, and shall make good and sufficient approaches thereto, of equal width therewith and of easy grade; the same shall be covered with gravel or macadam to a depth of not less than six inches, and shall be substantially and properly joined up to the plank required to be laid on the outside of each rail." (Sec. 1103, R. S. 1899, sec. 1103, An. St. 1906.)

A subsequent provision of the statute gives a right of action for damages to a party injured against the railroad company resulting from its neglect in omitting to construct or maintain the crossing as required. For the same provisions touching the same subject-matter, see also another section of the statute as amended. [Sec. 9554, R. S. 1899, Amended Laws 1905, p. 106, and as amended sec. 9554, An. St. 1906.]

The petition counts upon the statute as though the railroad company had failed and neglected to construct both the crossing on its tracks and the approaches thereto as required by the statutes. Among other things, it is alleged that defendant constructed a high embankment across which the public road approached the crossing on its tracks, and that such approach was constructed in a negligent manner in that it was only about ten feet wide and thrown up of loose sand and dirt which was supported on the side by decayed and insecure timbers. It is averred that while plaintiff was approaching the crossing of the track on an approach so negligently constructed to the road crossing, one of the decayed timbers mentioned gave way and precipitated her to the injury complained of. The proof shows defendant's railroad is constructed on an embankment about eight or ten feet high and that it had constructed an embankment therefrom in the public road as an ap-

proach to the crossing on the track. The statute quoted requires railroad companies to construct crossings on public roads in the manner therein indicated, not less than sixteen feet in width and requires as well that they shall make "good and sufficient approaches" thereto, of equal width and of easy grade. It is conclusively shown defendant was remiss in this duty, in that instead of constructing an approach sixteen feet in width, the one supplied was nine or ten feet wide only, and at the point plaintiff was injured, besides being about seven and a half feet above the level of the earth, it was insecurely supported. This approach was a gradual incline from the railroad back for a considerable distance in the public road and the sides of it seem to have been almost perpendicular; that is to say, it was not sufficiently wide at the bottom to support the top without bracing. To the end of holding the top of the embankment intact over which passed the public road, defendant had laid some logs and heavy timbers along the side of the embankment and near the top thereof. The particular timber involved in this instance seems to have become decayed and insecure in its place. The point at which plaintiff received her injury was on defendant's right of way and immediately adjacent to the crossing. As the horse and carriage were passing upon this narrow approach to the crossing, one of the decayed logs adjacent to the top of the embankment gave way and precipitated plaintiff together with the horse and carriage over the same into the ditch below. There is no controversy in the case as to plaintiff's contributory negligence. Plaintiff was exercising ordinary care on her part, for nothing appears to indicate careless driving or that the place threatened danger from the standpoint of one passing the road in a vehicle.

The principal argument advanced for reversal of the judgment is that though the approach to the crossing failed to meet the requirements of the statute and was both negligently constructed and maintained, defendant

Lee v. Railroad.

had not breached its duty in the premises for the reason the statute does not apply. It is said the statute applies only to public roads that have been established as such by proceedings in the county court for that purpose and not to those which exist by user. There can be no doubt of the proposition that even at common law and wholly aside from the statute it is the duty of railroad companies to construct and maintain such crossings and approaches as are reasonably necessary to enable travelers to go upon, over and across their railroads at public highways. Proper approaches and embankments necessary to enable the traveler to reach and leave the crossing are a part of the crossing and the railway must exercise due care in constructing and maintaining them. [Elliott on Railroads (2 Ed.), secs. 1107, 1097.] However, the common law duty to maintain and keep the crossings and approaches in repair usually extends only to lawful highways, but if the company has constructed a crossing and invited or induced people to use it as a public crossing, the duty rests upon the company to use reasonable care to keep it in repair identically as though it were an established public road. [Elliott on Railroads (2 Ed.), sec. 1112.] But be this as it may, the present suit proceeds upon the statute above quoted, for the petition employs its very language and refers to the obligation which the statute enjoins. And it is in this view the argument is advanced to the effect that the statute obtains only with respect to such roads as have been established and laid out by legal proceedings in the county courts for that purpose. The matter will therefore be considered aside from the common law duty. When we recall that public roads may be established quite as well by dedication, user or prescription as by legal proceedings, we are not impressed with this argument; for there is no word to be found in the statutes which even suggests it. Some of the most ancient and important thoroughfares in Missouri have been established by user and prescription from time

immemorial. Others have been established by dedication and continued in the public use for as much as forty or fifty years without the expenditure of county money thereon. Upon what theory the railroads may be excused from their statutory obligation to construct and maintain safe crossings on these public thoroughfares along their paths, we are unable to perceive. The statute lays the duty of constructing and maintaining a sufficient crossing and approaches thereto where the railroad crosses public roads now or hereafter to be opened for public use. There is no word here indicating that the obligation was enjoined only in respect to such roads as were opened by legal proceedings or established by both user and the expenditure of public moneys thereon. The proof in this case is that the public road involved had been traveled and used by the public as such for as much as fifty years. This is certainly sufficient to render it a public highway under our law even though no public money were expended thereon by the county court, for it was an open public highway within the very terms of the statute when the railroad was constructed.

Prior to our statute on the subject, it had been decided in many cases that a user by the public for more than ten years established the way as a public road by prescription. [Zimmerman v. Snowden, 88 Mo. 218; Roberts v. Q. O. & K. C. R. Co., 43 Mo. App. 287; Dow v. K. C. & S. R. Co., 116 Mo. App. 555, 92 S. W. 744; State v. Walters, 69 Mo. 463.] It is true our statute, sec. 9694, Revised Statutes 1899, sec. 9694, An. St. 1906, has introduced an element as to the establishment of roads by prescription requiring public money to be expended thereon in order to defeat the right of the owner of the fee with respect to occupying the lands over which the road passes. It provides in effect that no lapse of time shall divest the owner of the title to his land unless, in addition to the use of the road by the public for ten consecutive years, there shall have been public mon-

ey or labor expended thereon for such period; but this statute came into our law in 1887 and it has no retrospective effect whatever upon roads theretofore established. Its provisions are wholly irrelevant to the question here for the proof shows the road involved had been used by the public as such for more than twenty-five years before the statute was enacted. The evidence is the road was forty feet wide, was traveled by one and all alike and appeared as other roads in the county.

Though no proceedings were ever had in the courts for the purpose of establishing the road on which defendant had constructed the crossing and though no public money was ever expended thereon, it was as much a public road within the meaning of the statute enjoining the duty to construct crossings and sufficient approaches thereto as if established by the county court. [Sikes v. St. L. & S. F. R. Co., 127 Mo. App. 326, 105 S. W. 700.] Where there has been a lawful establishment of a highway, whether by dedication, prescription or otherwise, before the railroad is constructed, such railroad is not only required but may be forced to construct and maintain the necessary crossings therefor under the statute. [St. L. & S. F. R. Co. v. Gordon, 157 Mo. 71, 57 S. W. 742.] It is entirely clear that the statute imposed the duty declared upon the defendant and that it had breached the same by omitting to exercise ordinary care in constructing and maintaining a sufficient approach to the crossing as required.

Plaintiff requested no instruction other than one touching the measure of damages which was given and defendant complains of this, not because the instruction was erroneous as to the measure of damages, but because it failed to require a finding on the issue of negligence and define its liability. It is said the court erred in giving an instruction for plaintiff on the measure of damages without also giving one for him defining the issue of negligence and submitting the entire case to the jury. It is the rule that an instruction which predicates lia-

bility against a defendant should reckon with every feature of the case before directing the jury that a finding may be given for plaintiff upon the hypothesis therein set forth. . But that question is not before us here, for the instruction complained of did not purport to inform the jury upon what facts a finding of liability might be had. It merely directed that if the jury found for plaintiff, then in estimating her damages it might take into consideration certain competent elements to that end which were mentioned. Under our statute, section 748, Revised Statutes 1899, section 748, An. St. 1906, plaintiff was not required to request an instruction defining the issues and setting forth the questions of liability or non-liability on the facts developed nor is the court required to give such an instruction when none is requested. Mere non-direction of the jury is not reversible error and the question presented is one of non-direction only. See Sowders v. St. L. & S. F. R. Co., 127 Mo. App. 119, 104 S. W. 1122. The court properly defined the issues of negligence on the part of defendant and at its request.

The jury awarded plaintiff a verdict of two thousand dollars and it is argued the award is excessive. We are not so persuaded. It appears plaintiff is a lady about forty years of age. Two of her ribs were broken, both ankles were sprained and it seems one foot was otherwise considerably injured, for it remained much discolored a long time. Plaintiff was unable to walk for several months. She was scratched and bruised and her nervous system considerably shocked. The testimony shows she was confined for eight weeks to her bed and compelled to use crutches for about three months when she walked. She suffered, too, great pain of body and anguish of mind.

The judgment should be affirmed. It is so ordered. All concur.