M. F. ZWICKY, Respondent, v. ATCHISON, TOPEKA & SANTA FE RAILWAY COMPANY, Appellant.

Kansas City Court of Appeals, June 3, 1912.

1. NEGLIGENCE: New Highway: Maintenance of Sidewalks. Where a new highway is made across another one already in use, the crossing must not only be made with as little injury as possible to the old way, but all structures necessary to the convenience and safety of the crossing must be erected and maintained by the person or corporation constructing and using the new way.

2. ————: Duty to Maintain Structure: Question for Jury. It is held in this case that it was the duty of the defendant to maintain the sidewalk in a reasonably safe condition for pedestrians, and whether it was so maintained without a railing was a question for the jury under the evidence.

3. ————: Usual Way: Chosing Dangerous Route. A pedestrian is not bound to depart from the usual way of travel, notwithstanding it may be defective and dangerous, unless the danger is so great that a person of ordinary prudence, in the exercise of ordinary care, would avoid it by choosing some other and safer route.

Appeal from Carroll Circuit Court.—*Hon. Francis H. Trimble*, Judge.

AFFIRMED.

*Thomas R. Morrow, James P. Gilmore, John H. Lathrop* and *Jones & Conkling* for appellant.

(1) The walk as it existed was reasonably safe, as a matter of law.   (2)   The plaintiff was guilty of contributory negligence in this case.   Diamond v. Kansas City, 120 Mo. App. 185; Rogers v. Bloomington, 52 N. E. 242; Payne v. Railroad, 136 Mo. 562; Spiro v. Transit Co., 102 Mo. App. 250; Hook v. Railroad, 162 Mo. 569; State v. Fannon, 158 Mo. 149; Nugent v. Milling Co., 131 Mo. 241; Bloomington v. Rogers, 36 N. E. 439; Centralia v. Krause, 64 Ill. 19; Wright v. St. Cloud, 55 N. W. 819; Wilson v. Charleston, 8 Allen 137; Erie v. Magill, 101 Pa. 616; Schaefler v. Sandusky, 33 Oh. St. 246; Bohl v. Dell Rapids, 15 S. D. 619; Columbus v. Griggs, 113 Ga. 597.   (3)   The railway company as defendant in this case cannot be liable in any event.   Blackwell v. Hill, 76 Mo. App. 56; Baustian v. Young, 152 Mo. 317; St. Louis v. Ins. Co., 107 Mo. 92.   (4)   The court erred in the giving of plaintiff's instructions 1, 2 and 4, and in refusing to give defendant's instruction 5.   Gallagher v. Tipton, 133 Mo. App. 557; Diamond v. Kansas City, 120 Mo. App. 185.

*Guy Whiteman, Lozier & Morris* and *Frank E. Atwood* for respondent.

(1) The court was right in not declaring that the walk as it existed was reasonably safe, as a matter of law.   Buesching v. Gas Light Co., 73 Mo. 229; Fischer v. St. Louis, 189 Mo. 576.   (2) Plaintiff was not guilty of contributory negligence.   Barton v. Railroad, 52 Mo. 257; Smith v. St. Joseph, 45 Mo. 452; Flynn v. Neosho, 114 Mo. 572; Graney v. St. Louis, 141 Mo. 184; Swails v. Caruthersville, 138 S. W. 593; Buesching v. Gas Light Co., 73 Mo. 232; Ashby v. Gravel Road Co., 99 Mo. App. 186.

BROADDUS, P. J.—This is an action for damages for personal injuries sustained by plaintiff by reason of a fall from a sidewalk in Hardin, an incor-

porated town in this state. The sidewalk is situated near the business part of the town and along on the west side of First street, extending from the south line of defendant's right of way to its tracks. On the north is the defendant's station depot. It was the main traveled walk from the business part of the town to the depot.

The defendant in constructing its railroad erected an embankment across First street which left a depression on the west side of the street, and on the south side of the embankment. The defendant constructed a sidewalk across this depression from the south line of its right of way running north to its tracks and depot. This walk was about thirty feet long, about four feet wide, and part of the way was elevated above the ground, and at the place where plaintiff fell was so elevated about two and one-half feet. The town of Hardin had nothing to do in constructing or maintaining said side walk. But it was constructed and kept solely in repair by defendant.

The plaintiff was a cobbler by trade and sixty-eight years of age. He lived with his employer, whose house was on the west side of First street, north of the railroad tracks. The shop at which he worked was on the south side of said tracks, and the plaintiff in going to and from his work passed over the walk in question several times a day for four months, and was fully familiar with its condition. There is no complaint that the walk was out of repair, but the allegation of negligence is, that defendant failed to furnish it with side railings for the safety of pedestrians.

Plaintiff's injury occurred in the night. He had been to the shop after supper and in returning to his home and in passing over this sidewalk he slipped off, fell and was injured.

The plaintiff's evidence was to the effect that the night was very dark; that he knew that it was dangerous to attempt to cross the sidewalk, but that he used

the precaution of feeling with his feet as he went along, but suddenly he stepped off and fell to the ground, which at that point was thirty inches below the sidewalk; that he had his hands in his pockets, was walking along leisurely thinking about getting home. On cross-examination he stated that he was not thinking about anything except getting home; and that he was going in an ordinary walk. He was asked: "You were walking along with your hands in your pocket and thinking about getting home and going to bed? A. Yes. Q. That was all you were thinking about at that time? A. Yes, sir." In his deposition, taken previously, he was asked: "What were you thinking of doing as you walked down there? A. God knows what I was thinking about, I was thinking about going home and getting to bed, I guess."

The finding and judgment were for the plaintiff and defendant appealed. The appellant, in its original brief, made several assignments of error, but in its reply brief it waives all errors except the question of negligence, and is willing to "have the entire matter determined on the questions of the negligence of appellant and negligence of the respondent causing or contributing to the injuries." That is to say, that the appellant's contentions are, First: That there was no liability on the defendant company for failure to keep the sidewalk safe and in repair. Second: That plaintiff's evidence "shows conclusively that he was walking along as he ordinarily did in the day time when he could see, which shows that he was not feeling with his feet at all, or that he was not doing so at the time, or in the manner required of persons groping in the dark."

To sustain appellant's first proposition we are cited to certain cases which do not apply. The law is otherwise, and is stated by this court in an opinion by ELLISON, J., that one who maintains a public place and constructs walks on his grounds for the approach of the

public is liable to parties for injuries sustained on his defective sidewalk. [Evans v. Railroad, 130 Mo. App. 509.] And it was held in another case by the same learned judge that: "It is a well-settled rule of the common law, resting upon the most obvious considerations of fairness and justice, that where a new highway is made across another one already in use, the crossing must not only be made with as little injury as possible to the old way, but whatever structures may be necessary to the convenience and safety of the crossing must be erected and maintained by the person or corporation constructing and using the new way." [Independence v. Railway, 86 Mo. App. 585.] We feel constrained to reassert the rule thus declared as being sound and just, and, such being the case, we hold that it was the duty of the company to maintain its said sidewalk in a reasonably safe condition for pedestrians. And whether it was so maintained without a railing was a question for the jury under the evidence.

As to the contributory negligence of plaintiff, the company, while recognizing the rule that a traveler is not bound to depart from a way because it is defective, insists that as to the sidewalk in question "there was no change of conditions, nothing broke or gave way; there was nothing on the walk which the plaintiff did not expect to find; he was not surprised or entrapped; he knew every condition that he had to meet with, and the dangers, if any there were, were obvious;" and, "that under such circumstances, where there was a way which respondent considered dangerous and a way which was absolutely safe, that he was bound to choose the latter in order to be in the exercise of ordinary care." This is a strong presentation of the appellant's theory of the case, but we do not think the proper one. On the contrary, the rule has obtained in this state, that a pedestrian is not bound to depart from the usual way of travel, notwithstanding it may be defective and dangerous, unless the danger is so

great that a person of ordinary prudence, in the exercise of ordinary care, would avoid it by choosing some other and safer route. In this instance, the sidewalk had been used by the public both day and night for many years, notwithstanding its defective construction, which was a sufficient showing that the danger was not so great as to deter persons of ordinary prudence from using it for passage. "A person is not bound to abandon the use of a highway open to the public for the simple reason that it is known to him to be out of repair or in a defective condition." [Cohn v. The City of Kansas, 108 Mo. 387.] It is unnecessary to cite other cases to the same effect. It is there also said that: "The duty is, however, imposed on the traveler to use ordinary care to avoid the defect, and knowledge on his part that the street is out of repair is a circumstance to go to the jury in determining the question whether he did use such care."

Notwithstanding plaintiff in some parts of his evidence stated that he was not thinking about anything except getting home and going to bed, yet he insisted throughout that he was feeling his way with his feet at the time he fell off the sidewalk. And it is consistent to say that a person might well be thinking about the one thing and still doing the other. The matter was submitted to the jury whether he was in the exercise of ordinary care in an appropriate instruction offered by the defendant.

Many cases, where the circumstances are similar, have been called to our attention where the judgments have been upheld, but we think it unnecessary to notice them. There seems to be no difference of opinion as to the law, but the controversy is as to the application of the law to the facts of the case.

Finding no error in the trial the cause is affirmed. All concur.