FRANCIS ALBRIGHT v. LOUISIANA & MISSOURI RIVER RAILROAD COMPANY, Appellant.—No. 39767.—195 S. W. (2d) 648.

Court en Banc, July 8, 1946.

*A. C. Whitson* and *Charles M. Miller* for appellant.

*Kenneth Howe Sanford* and *J. W. Buffington* for respondent.

CLARK, C. J.—Respondent, as plaintiff, recovered a judgment for $3,000.00 as damages for personal injuries due to a fall from a footbridge along a sidewalk on defendant's right of way. On appeal the St. Louis Court of Appeals reversed the judgment. [189 S. W. (2d) 665.] On respondent's application we have brought the case to this court for review. and, although the application is based solely on alleged conflict with our previous decisions, we will determine the case as on original appeal. [Mo. Const. Art. 5, sec. 10; Supreme Court Rule 2.06.]

Liberty Street in Mexico, Missouri, is sixty feet wide, runs east and west and is crossed in a northerly and southerly direction by defendant's right of way. Both street and right of way are practically level. Along the south side of the street is a sidewalk, about four feet wide, which crosses a ditch or depression on defendant's right of way twelve feet from the center line ▆▆ of defendant's track. The sidewalk is made of cinders and formerly there was a twelve or fourteen inch galvanized iron pipe in the ditch covered with cinders to conform to the rest of the sidewalk. About four or five months before plaintiff was injured the city caused the central twenty-two feet of the street to be paved across the right of way, the south edge of the pavement being about fifteen feet from the north edge of the side-

walk. While the paving was in progress some of the workmen took the iron pipe from the ditch, dug the ditch somewhat deeper and placed a wooden platform across it with the ends resting on the dirt or cinders. There was evidence that in times of heavy rainfall water in the ditch rose to, and sometimes over, the platform and on several occasions washed the platform away from the sidewalk. On the night of the injury to plaintiff a rain had brought the water up to, but not over, the platform. Plaintiff, walking west along the sidewalk, stepped upon the platform which slipped forward and caused him to fall into the ditch.

The question here is: did the evidence support the charges of negligence submitted to the jury? Those charges were: (1) that defendant negligently failed to secure the boards covering the ditch; (2) that defendant violated its statutory duty under Section 5222 by failing to provide sufficient ditches and drains to prevent overflow of water on or about the footbridge, so that same was rendered insecure. [All references to statutes in this opinion are to sections in Revised Statutes Missouri 1939 and corresponding sections in Mo. R. S. A.]

█ Plaintiff claims that defendant had both a statutory and common law duty to maintain the footbridge, citing Sections 5222 and 5214, and the following cases: Independence v. Mo. Pac. Ry., 86 Mo. App. 585; Moberly v. Ry., 17 Mo. App. 518; Lee v. Ry., 150 Mo. App. 175, 129 S. W. 773; Zwicky v. A. T. & S. F. Ry., 164 Mo. App. 180, 148 S. W. 201, 105 A. L. R. 549; Cooper v. Davis, 310 Mo. 629, 276 S. W. 54; Crockett v. City et al., 336 Mo. 145, 77 S. W. (2d) 464.

Section 5222 makes it the duty of railroads to construct and maintain suitable ditches and drains to carry off the water, including surface water, whenever the draining of such water has been obstructed or rendered necessary by the construction of the railroad. The main purpose of this statute is to compel railroads, when they obstruct the natural drainage, to take steps to prevent the overflow of adjacent land, but whatever may be said about the purpose of the statute, it certainly has no application to the instant case. There is nothing in the record to show that plaintiff's injury was caused by insufficiency of the ditch. His position is that the footbridge slipped away from him because of the wet and slippery condition of the ground upon which the ends of the bridge rested. That condition must have been due to the rainfall upon the surface of the ground and not to the water in the ditch, for plaintiff's evidence shows that the water had not overflown the banks of the ditch.

█ Section 5214 requires a railroad to construct a good and sufficient crossing, not less than twenty-four feet in length and of a specified kind and with sufficient approaches, where it crosses a public road or street. There is nothing in this case to indicate that defendant failed to comply with this section or that plaintiff was injured by

non-compliance. This section has nothing to do with the sidewalk where plaintiff was injured.

"This section [5214] applies only to railroad crossings and approaches thereto and not to rights of way outside of such crossings and approaches." [237 Mo. App. 1204, 171 S. W. (2d) 795, 803.]

██ Another section, 5215, authorizes the city by ordinance to compel the railroad to improve all or a part of its right of way or to construct and maintain a sidewalk "of like materials and as of good quality, as such city, . . . has required, or shall in such ordinance require, of other property owners" etc. Together these two sections require a railroad to construct a proper crossing at least twenty-four feet wide, without an ordinance, and to improve ██ such additional portion of a street as the city by proper ordinance shall require. Here the city caused the central twenty-two feet of the street to be paved across the right of way, but there is no ordinance requiring the railroad to improve any other portion of its right of way or to build a sidewalk.

██ No statutory duty of defendant to maintain the sidewalk has been shown. At common law if a railroad crosses an existing street it must do so with as little injury as possible to the street, or if it cuts a ditch through, or otherwise damages, an existing sidewalk, it has the duty of restoring the same to its former condition. Also, if a railroad voluntarily assumes to build or maintain a sidewalk upon its right of way it must exercise ordinary care to keep the walk in a reasonably safe condition. Here there is no evidence that the railroad was built across an existing street, or that defendant ever assumed to build or maintain the walk and the evidence is positive that defendant did not construct the footbridge. Whether defendant cut the ditch through the walk will be discussed later.

In the case of Independence v. Ry., 86 Mo. App. 585, the defendant had crossed an existing street, had accepted an ordinance binding it to maintain the street across its right of way and had built the sidewalk.

Moberly v. Ry., 17 Mo. App. 518, properly holds that the crossing which a railroad is required to construct is not confined to the track, but includes proper approaches. In the instant case there is no complaint about the crossing in the central portion of the street nor the approaches thereto, but plaintiff contends that defendant must maintain an *additional* crossing for pedestrians.

In Lee v. Ry., 150 Mo. App. 175, 129 S. W. 773, the main contention was as to whether the road had been legally established, but, as the railroad had built the crossing and invited the public to use it, the opinion holds that the railroad was under the duty to exercise care to keep the crossing in a reasonably safe condition.

In Zwicky v. Ry., 164 Mo. App. 180, 148 S. W. 201, the injury was caused by a fall from a sidewalk which the railroad had constructed

over a ditch it had dug in building the track, the sidewalk leading to the railroad depot.

In Cooper v. Davis, 310 Mo. 629, 276 S. W. 54, the salient facts were: the railroad ran north and south across an east and west street. Defendant's depot was about one-half block north of the street and defendant railroad had paved its right of way from its station to the street. Along and in the north edge of the street defendant, in compliance with a city ordinance, had constructed a concrete sidewalk across its right of way to conform to the sidewalk on each side of its right of way. On the west edge of defendant's right of way a north and south ditch passed under the sidewalk. Over this ditch, on its own right of way, defendant had constructed a platform of boards adjacent to and level with the sidewalk. The general public used this platform to "corner across" to defendant's depot. There was no barrier at the ditch either on the sidewalk proper or the board extension. Plaintiff was injured by falling from the board platform into the ditch. We held that the question of defendant's negligence in failing to erect a barrier was for the jury, because defendant had built the board extension and had invited the public to use it. The opinion states that it does not pass upon the liability that might have existed had the railroad merely constructed the sidewalk proper, and not the extension. We think the liability would have been the same in either event for the sidewalk was one which the railroad was required by ordinance to build, and, therefore, was required to exercise care to build and maintain it in a reasonably safe manner.

In Crockett v. City et al., 336 Mo. 145, 77 S. W. (2d) 464, a railroad was held liable for an injury due to a defective sidewalk along a street where it crossed the railroad track. The opinion states that the city had notified the railroad to construct the walk. [336 Mo. l. c. 151.] Presumably this was in pursuance to an ordinance for the opinion cites the statute, now section 5215, which authorizes a city to make such requirement by ordinance. [336 Mo. l. c. 152.]

None of the cases cited by plaintiff supports his claim that the defendant in the instant case was under a duty to maintain the sidewalk where plaintiff was injured because: the evidence here fails to show that defendant damaged the walk, or had been required by the city to construct it, or had actually built it or at any time assumed to maintain it.

█ In a brief filed in this court, plaintiff urges certain matters apparently for the first time. First, he calls attention to a city ordinance which was introduced in evidence and provides that it shall be the duty of a railroad to keep all streets and alleys across which it may run in good repair "at such crossings . . . in the manner provided by the general laws of this state, . . . " The ordinance adds no new duty. The railroad has the same duty under Section 5214 without an ordinance. Next, plaintiff cites pages of the record

to show that "defendant had maintained the sidewalk crossing and recognized its liability therefor." We have examined the pages cited and the entire record and find no evidence that the defendant ever constructed, maintained or repaired the sidewalk. One of the pages cited by plaintiff contains the following testimony from one Rodenbaugh, a witness for plaintiff:

"Q. And as you went across the rails of the roadway, of the railroad, did you cross over a ditch or depression?

A. Well, its a ditch that has been there for several years ago. The railroad drained down that—put in a drain ditch along that side . . . ''

We do not understand plaintiff to contend that the quoted testimony lets him go to the jury on the theory that the defendant railroad cut the ditch through the sidewalk. If so it is contrary to the testimony of other witnesses for plaintiff, including plaintiff himself, who said they never had observed the ditch until the street was paved. One of them, Bryan, said that until the street was paved the walk was a solid cinder walk. Plaintiff's theory in the trial court, the court of appeals and, we think, in this court, is not that defendant cut the ditch, but that it *failed* to provide a sufficient ditch for proper drainage. That is the negligence charged in the petition.

Upon the facts shown by the record the defendant was under no duty, either by statute or the common law, to maintain the sidewalk and the judgment of the circuit court is hereby reversed. All concur.